IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARRYL SPEARS** : <br> 109 COLUMBUS AVENUE : <br> TRENTON, NJ 08618 : <br>         PLAINTIFF, : <br>   v. : <br> : <br> **NJSP DET. JEFFREY K. GAUTHIER # 5593** : <br> **NJSP DET. II ANTHONY MASON # 6513** : <br> **NJSP DET/SGT THOMAS DEVIRGILIS #5580** : <br> **NJSP DET. BRAD GILBERT #5994** : <br> **NJSP DET. II SCOTT ORMAN** : <br>         Defendants. : | CIVIL ACTION <br><br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the conduct of Defendant New Jersey State Police Officers in fabricating evidence and maliciously prosecuting Plaintiff, in violation of rights guaranteed to Plaintiff under the United States Constitution and the State of New Jersey.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under New Jersey State law.

## PARTIES

3. Plaintiff DARRYL SPEARS, at all times relevant to this Complaint, was and is a resident of the City of Trenton and the State of New Jersey.

4.  Defendants GAUTHIER, MASON, DEVIRGILIS, GILBERT, AND ORMAN, all times relevant to this Complaint, were and are employed by the New Jersey State Police (NJSP), acting under color of state law. They are being sued in their individual capacities.

5.  At all times relevant to this Complaint, all Defendants acted in concert and conspiracy, and were jointly and severally responsible for the harms caused to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

6.  On November 28, 2012, at approximately 7:00 AM, Plaintiff was arrested by members of the NJSP Weapons Trafficking South Unit, including Defendant Gauthier, and some or all of the other named defendants, pursuant to an arrest warrant that was signed on November 26, 2012.

7.  The arrest warrant, sworn to by Defendant Gauthier, stated in relevant part:

> During the week of August 26, 2012, I [Defendant Gauthier] was contacted by CI #l who indicated that Gary Spears a.k.a. "G-Roc" was offering a 9mm handgun for sale. The source indicated that Spears was a member of the Bloods, Sex Money Murder set. He/She further indicated that Spears was known to conduct his illicit business in the East Trenton, New Jersey area. With that information I contacted Del. Frank Guido of the Trenton Police Department, Gang Intelligence Unit in an attempt to identify Spears. Det. Guido provided me with pedigree information regarding Spears. Upon showing CI #l the picture of Spears, CI #l confirmed that the individual pictured was one in the same that was offering the 9rnm pistol. CI #l further provided me with wireless telephone facility number 609-358-5132, the number Spears utilizes for his illicit transactions.
>
> August 29, 2012, CI #l advised me that he/she was in East Trenton, New Jersey visiting a friend and he/she happened to see Gary Spears near St. Joes Avenue. During this meeting, the purchase of the 9mm pistol was negotiated. CI #l made contact with me and provided me with this information.
>
> This same date, at 1:08 p.m., I obtained consensual authorization from Deputy Attorney General Jill Mayer to record conversations between CI #l, Spears and any as yet unidentified co-conspirators, for a period of thirty (30) days.
>
> New Jersey State Police detectives met with and instructed CI #l, outfitted with an on-body recording/transmitter, to meet with Spears in the area of N. Olden and Ward Avenues in Trenton, New Jersey in reference to the purchase of the 9mm pistol. CI #1 was provided with $400 U.S. currency to complete the transaction. CI #l was searched prior to the operation and found with no contraband. Law

>enforcement personnel were briefed and set up surveillance in the area of N. Olden and Ward Avenues, Trenton, New Jersey. Det. II A. Mason and I drove CI #l and let him/her out in the area of East State Street. While walking to the meet location, CI #l advised me that Gary Spears made contact with him/her and advised that his brother Darryl Spears was bringing the handgun to CI #1. This then caused the purchase price to raise an extra $100 in U.S. currency. The extra monies were for Darryl Spears payment for transporting the weapon. I then met with CI #l at an undisclosed location and provided CI #l with an additional $100 in U.S. currency. CI #l advised that Darryl Spears was already in the area of Ward awaiting CI #l's arrival. CI #l was kept under surveillance as he/she made his/her way to the meet location. Within minutes, CI #1 was meeting with Darryl Spears (a black shirt and a ponytail on the top portion of his head) on N. Olden Avenue. The two were observed walking on N. Olden Avenue and then turning left onto Ward Avenue. CI #l and Darryl Spears were observed as they stopped in front of 32 Ward Avenue. Darryl Spears was observed removing an object from his waistband and handing same to CI #l. Darryl Spears then departed the street on foot. CI #l was once again kept under constant surveillance. Upon securing CI #l, I took possession of the weapon. All unit members were advised to meet at a pre-determined location to debrief.
>
>Upon meeting, further inspection of the weapon revealed it to be a 9mm HI-POINT firearm, serial number P1472834. The weapon was loaded and contained a magazine, which contained rounds. A total of eight (8) 9mm rounds were seized. I searched CI #1 again and found him/her to be free of contraband.
>
>Upon debriefing CI #l, he/she advised that he/she met with Darryl Spears in front of 66 N. Olden Avenue. The two walked together to the front of 32 Ward Avenue. CI #1 provided Darryl Spears with $500 in U.S. currency for the weapon. Darryl Spears provided the weapon to CI #l which was concealed in Darryl Spears's waistband. CI #l further indicated that Darryl Spears is a Bloods street gang member. ….

8. Plaintiff was charged with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count one); fourth-degree unlawful disposition of weapons, N.J.S.A. 2C:39-9(d) (count two); and second-degree certain persons not to possess a weapon, N.J.S.A. 2C:39-7(b) (count three).

9. Gary Spears was never charged or investigated further in this matter.

10. Plaintiff was incarcerated at Mercer County Jail in lieu of $75,000 bail which was posted on or about December 11, 2012.

11.     On June 19, 2013, Plaintiff was indicted on these same charges.

12.     On November 17, 2014, following a jury trial, Plaintiff was convicted on all counts, at which time his bail was revoked and he was remanded to the custody of the county jail.

13.     On January 30, 2015, Plaintiff was sentenced to fifteen years of incarceration on count one, and concurrent seven-year and three-year terms on counts two and three respectively and was immediately remanded to state custody.

14.     On February 9, 2017, the appellate court vacated the judgment of sentence on the grounds that the trial court erred in precluding criminal defense counsel from impeaching the CI and Defendant Gauthier with an audible recording of their conversation after the alleged transaction took place.

15.     The audio tape contained the following exchange after the alleged transaction:

> Gauthier: What umm, who was there? Who end up bringing it to you? Darryl?
>
> CI: Darryl and a little black ugly -- well he ain't have it, just this little partner with him I guess.
>
> Gauthier: Who didn't have it?
>
> CI: Umm, black dude . . . Darryl . . . little black ugly little nigga.

16.     The audio tape also contained this exchange:

> Gauthier: Where did you actually do the exchange? On . . . Ward?
>
> CI: Yea. A little further down probably.
>
> Gauthier: What's that?
>
> CI: Like a little further down, a couple of houses down.
>
> Gauthier: But you did it on the sidewalk in front of there?
>
> CI: Yea.

17. On February 13, 2018, Plaintiff was released on bail, pending his retrial.

18. On March 14, 2018, following a retrial, a jury found Plaintiff not guilty of all charges.

19. Plaintiff spent a total of 846 days incarcerated directly as a result of the false allegations that resulted in these criminal charges.

20. At no time did Plaintiff encounter the CI and engage in an alleged sale of a firearm; and at no time was Plaintiff present during an alleged sale of a firearm.

21. Defendant Gauthier fabricated all of the inculpatory evidence against Plaintiff including, but not limited to, that there was constant surveillance of the CI; that the alleged sale was observed by him; and that Plaintiff was present and made the sale.

22. Defendant Mason was the driver of the police car at all times that Defendant Gauthier claimed he had contact with the CI, conducted the surveillance, and observed the alleged sale, and therefore, knew that Gauthier was fabricating evidence.

23. Defendants DeVirgilis, Orman, and Gilbert were in surveillance vehicles, conducting surveillance of the CI and/or alleged seller, and therefore, knew that Gauthier was fabricating evidence about the nature and extent of the surveillance, as well as what he claimed to have observed.

24. By this conduct, under color of state law and acting within the scope of his employment, Defendant Gauthier deprived Plaintiff of his liberty in violation of his rights to due process of law and a fair trial under federal and state law.

25. By their conduct, under color of state law and acting within the scope of their employment, Defendants Mason, DeVirgilis, Gilbert, and Orman, conspired with Defendant Gauthier to deprive Plaintiff of his liberty in violation of his rights to due process of law and a fair trial under federal and state law.

26. By their conduct, under color of state law and acting within the scope of their employment, Defendants Mason, DeVirgilis, Gilbert and Orman had many opportunities to intervene on behalf of Plaintiff to prevent the deprivation of liberty without due process of law and to ensure his right to a fair trial, but with deliberate indifference failed to do so.

27. All defendants acted jointly and in concert and conspiracy to maliciously bring fabricated and false criminal charges against Plaintiff.

28. The conduct of Defendants Gauthier, Mason, DeVirgilis, Gilbert, and Orman, was in willful, reckless and deliberate disregard of Plaintiff's rights under federal and state law.

29. Defendants' acts and omissions, as described in the preceding paragraphs, were the direct and proximate cause of Plaintiff's injuries. Defendants knew, or should have known, that their conduct would result in Plaintiff's unfair trial.

30. As a direct and proximate cause of the actions of Defendant, Plaintiff suffered the following injury and damages:

   a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution and the laws of the State of New Jersey to be free in his person from unreasonable searches and seizures;

   b. Loss of his physical liberty;

   c. Loss of property; and

   d. Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

31. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendant for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff.

### COUNT I: 42 U.S.C. § 1983
### FOURTH AMENDMENT – MALICIOUS PROSECUTION
### PLAINTIFF V. DEFENDANT GAUTHIER

32. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

33. By his conduct described above, including providing the prosecutor's office with fabricated evidence that Plaintiff sold a firearm to the CI, Defendant Gauthier, initiated and continued the criminal proceedings against Plaintiff without probable cause, and with malice, and thereby subjected Plaintiff to malicious prosecution in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### COUNT II -- 42 U.S.C. § 1983 CONSPIRACY
### FOURTH AMENDMENT - MALICIOUS PROSECUTION
### PLAINTIFF V. DEFENDANTS GAUTHIER, MASON, DEVIRGILIS, GILBERT, AND ORMAN

34. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

35. Defendants Gauthier, Mason, DeVirgilis, Gilbert, and Orman, acting jointly and in concert and conspiracy, caused the initiation and continuation of criminal charges against Plaintiff without probable cause, and with malice, and thereby subjected Plaintiff to malicious prosecution in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate cause of Defendant's actions, Plaintiff suffered and continues to suffer injuries, including emotional pain and suffering.

### COUNT III -- 42 U.S.C. § 1983
### PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT
### PLAINTIFF V. DEFENDANT GAUTHIER

37. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

38. Defendant Gauthier deliberately fabricated evidence, suppressed and/or destroyed exculpatory evidence thereby violating Plaintiff's rights to a fair trial and due process of law under the Fourteenth Amendment to the United States Constitution.

### COUNT IV -- 42 U.S.C. § 1983 CONSPIRACY
### PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT
### PLAINTIFF V. DEFENDANTS GAUTHIER, MASON, DEVIRGILIS, GILBERT, AND ORMAN

39. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

40. Defendants Gauthier, Mason, DeVirgilis, Gilbert, and Orman, acting jointly and in concert and conspiracy, deliberately fabricated evidence, suppressed and/or destroyed exculpatory evidence thereby violating Plaintiff's right to a fair trial and due process of law under the Fourteenth Amendment to the United States Constitution.

### COUNT V
### NEW JERSEY CIVIL RIGHTS ACT
### PLAINTIFF V. ALL DEFENDANTS

37. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

38. The actions of Defendants as described above, violated Plaintiff's substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, and/or Plaintiff's substantive rights, privileges or immunities secured by the

Constitution or laws of the State of New Jersey, and, as such, defendants are liable to plaintiff under the New Jersey Civil Rights Act, N.J. Stat. Ann. §10:6–2(c).

39. Plaintiff seeks compensatory damages, punitive damages, attorney fees, interest, costs of suit and any other appropriate relief, including a civil penalty under § 10:6-2f.

### COUNT VI -- STATE CLAIM
### MALICIOUS PROSECUTION
### PLAINTIFF V. ALL DEFENDANTS

40. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

41. By the conduct set forth above, Defendants, individually and jointly, and in conspiracy, intentionally, recklessly, and maliciously caused a criminal prosecution to be initiated and continued against Plaintiff resulting in his incarceration.

42. Defendants acted with malice and furthered the prosecution of Plaintiff by providing false information, and/or withholding truthful information, all of which if known would have resulted in no prosecution of Plaintiff.

43. The criminal charges against Plaintiff were terminated in his favor following a jury verdict of "not guilty."

44. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered and continues to suffer injuries, including emotional pain and suffering.

## DAMAGES

45. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at full length.

46. The conduct of the individual Defendant was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiff, and therefore, warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Darryl Spears requests the following relief:

   a. compensatory damages;

   b. punitive damages against the individually named defendants;

   c. reasonable attorney fees and costs under Counts I - V; and

   d. such other relief as appears reasonable and just.

Respectfully submitted,

JAMES, SCHWARTZ & ASSOCIATES, P.C.

**By:   ROBERT G. SELLERS, Esquire (Of Counsel)**

   *Robert G. Sellers*
   1500 Walnut Street - 21st Floor
   Philadelphia, Pa 19102
   Tel: (215) 896-1170
   Fax: (215) 751-0658
   Attorneys for Plaintiff